IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILAR SMITH and KASANDRA ANTON, *on Behalf of Themselves, Individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans,*<br><br>Plaintiffs,<br><br>vs.<br><br>OSF HEALTHCARE SYSTEM, *an Illinois Non-Profit Corporation*, et al.,<br><br>Defendants. | Case No. 16-cv-0467-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants OSF HealthCare System, OSF HealthCare System Human Resources Committee and Plan Administrator for the OSF Plans' (hereinafter, "Defendants") Motion to Change Venue (Doc. 33). Plaintiffs responded in opposition (Doc. 37) and Defendants replied (Doc. 44). For the following reasons, Defendants' motion is **DENIED**.[1]

In this action brought on behalf of all participants and beneficiaries of the OSF HealthCare System Plans claimed to be "Church Plans" under ERISA (hereinafter, "OSF Plans"), Plaintiffs allege that the OSF Plans do not qualify as "Church Plans" under ERISA and that the Plans have been underfunded by Defendants. Plaintiffs further allege that even if the OSF Plans qualify, the Church Plan exemption violates the Establishment Clause of the First Amendment of the United States Constitution and is therefore void. Plaintiffs seek declaratory and injunctive relief.

---

[1] Defendants also moved to stay the case pending ruling on the present motion (Doc. 30). That motion is MOOT. Further, Defendants requested hearings on both motions (Docs. 32 & 35). The Court finds hearings unnecessary and those motions are therefore DENIED.

Defendants request a transfer of this action to the Central District of Illinois. Specifically, Defendants contend that this case should be consolidated with a related case currently pending in the Central District, that the claims raised in Plaintiffs' Complaint arose in the Central District, that Plaintiffs' choice of forum is not entitled to deference and that both private and public interests weigh in favor of transfer. Plaintiffs respond that the related case is distinguishable, that the Southern District is more convenient, that Plaintiffs' choice of forum is entitled to deference and that material events occurred in this District. With leave of Court, Defendants replied and set forth details of the related case including the recent filing of an amended complaint which added an OSF Plan that is also named in the case at bar.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); see *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The statute permits a flexible analysis and requires a "case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010), quoting *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). While the order of filing is one factor for consideration in a motion to transfer, the "first-to-file" rule is not controlling in the Seventh Circuit. *Id* at 982.

In weighing the private interests involved, the Court should consider: "1) plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease and access to sources of proof; 4) the convenience of the parties; and 5) the convenience of the witnesses." *Stock v. Integrated Health Plan, Inc.*, No. 06-CV-00215-DRH, 2006 WL 3420289, at *2 (S.D. Ill. Nov. 28, 2006), quoting *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F.Supp.2d 958, 960 (N.D. Ill,2000). "Where the balance of convenience is a close call, merely shifting inconvenience from one party

to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978. The "interest of justice" (public interest) element of the statute relates to efficient administration of the courts and requires examination of factors such as docket congestion, likely speed to trial, each court's familiarity with the relevant law, the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy. *Id* at 978.

This case was filed on April 27, 2016—six days before the related case was filed, *Bailey, et al. v. OSF HealthCare Sys., et al.,* 16-CIV-01137 (C.D. Ill)—and set forth claims on behalf of "all participants and beneficiaries of defined benefit pension plans that are established… by OSF… and operated as or claimed to be "Church Plans" under ERISA." (Doc. 1). The Amended Complaint added, "[t]he OSF Plans include, without limitation, The Sisters of the Third Order of St. Francis Employees Pension Plan and the Retirement Plan for Employees of Saint Anthony's Health Center." (Doc. 7). Likewise, the *Bailey* plaintiffs amended their complaint on June 29, 2016—two days after Plaintiffs' response to the current motion was filed—to clarify that *Bailey* involves the St. Francis Pension Plan and to add reference to the St. Anthony Health Center Retirement Plan.

The named plaintiffs in *Bailey* were employed by St. Francis. Plaintiffs in this case were employed by St. Anthony. The claims are similar, however the scope of the claims in the instant case is more expansive as the *Bailey* plaintiffs are not seeking a declaration that the Church Plan Exemption under ERISA violates the Establishment Clause and is unconstitutional.

Because the present case was first to be filed, this factor weighs in favor of denying the transfer. Regarding the private interests, Plaintiffs' choice of forum is the Southern District. Additionally, Plaintiffs in the present case were employed by St. Anthony Health Center, which is located in Alton, Illinois. Alton is located in Madison County, which is within the Southern

District.  Moreover, Plaintiffs assert that, according to Defendants' calculations, approximately 6,700 OSF Plan participants reside in the Southern District (see Doc. 37).  These factors weigh against Defendants' motion to transfer.

While the OSF Plans may be administered at OSF Headquarters in Peoria, Plaintiffs participated in the Southern District.  Thus, the situs of material events in this case lies in both the Southern and Central Districts.  These factors likewise weigh in favor of denying transfer.  Further, the denial of transfer will have minimal impact on the parties' access to sources of proof, as relevant documents appear to be maintained in both districts.

The convenience of the parties and witnesses likewise favors venue in the Southern District. Plaintiffs reside in this district. Witnesses at this stage are largely unidentified, but at least some of them reside or work in the Southern District.  Private interest factors simply do not weigh in favor of transfer.

In reviewing the public interest factors, the Court must first clarify the statistics cited by Defendants. Defendants assert that the Southern District has a congested docket and a slower "speed-to-trial" as compared to the Central District.  However, Defendants fail to consider the number of multidistrict cases that are assigned to Judge David Herndon, which should be extracted prior to a statistical comparison.  Further, as Plaintiffs correctly state, the "speed to trial" statistics are over-inclusive and do not take into account the number of cases that are voluntarily dismissed or otherwise terminated prior to trial.  As such, Defendants have failed to meet their burden to show that judicial economy weighs in favor of transfer.

For the forgoing reasons, Defendants' Motion to Transfer Venue is **DENIED**.

**IT IS SO ORDERED.**

**DATE: July 25, 2016**

s/   *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**

4