IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILAR SMITH and KASANDRA ANTON, on Behalf of Themselves, Individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans, | ) ) ) ) ) |
| | ) Case No. 16-CV-467-SMY-RJD |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| OSF HEALTHCARE SYSTEM, an Illinois Non-Profit Corporation, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendants have filed what amounts to a third motion to stay all proceedings in this case (Doc. 62) and have requested a hearing on the motion (Doc. 66). Specifically, Defendants seek a stay of all proceedings in this case pending: (1) the ruling of the district court in *Bailey v. OSF HealthCare System*, No.1:16-cv-1137-SLD-JED (C.D. Ill.) ("*Bailey*"), regarding Proposed Intervenors Smith and Anton's motions to intervene and transfer *Bailey* to this district; (2) the ruling of the Judicial Panel on Multidistrict Litigation (the "Panel") regarding OSF's motion to transfer the instant action ("*Smith*") and the *Bailey* action to the Central District of Illinois for coordination of pretrial proceedings; and (3) the Supreme Court's disposition of pending petitions for writ of certiorari in *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015), *petition for cert. filed*, July 18, 2016 (No. 16-86); *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016), *petition for cert. filed*, July 15, 2016 (No. 16-74); *Rollins v. Dignity Health*, 830 F.3d 900 (9th Cir. 2016), *petition for cert. filed*, Aug. 29, 2016 (No. 16-

258). After the first two motions to stay were denied, Magistrate Judge Daly entered a Scheduling and Discovery Order (Doc. 61). Deadlines are now set for discovery, class certification and dispositive motions and trial is scheduled.

As an initial matter and with respect to Defendants' motion for hearing, the Court finds that the issues are straightforward and uncomplicated and have been sufficiently briefed by the parties. As such, a hearing on the motion would not be helpful nor would it serve the purposes of judicial economy. Accordingly, Defendants' motion (Doc. 66) is **DENIED**.

Currently, there are three cases with issues relevant to this action seeking review before the Supreme Court. See *Advocate Health Care Network v. Stapleton*, Pet. for Cert., No. 16-74 (July 15, 2016); *Saint Peter's Healthcare System v. Kaplan*, Pet. for Cert., No. 16-86 (July 18, 2016); *Dignity Health et al. v. Rollins*, Pet. for Cert., No. 16-258 (Aug. 29, 2016). Defendants contend that the Supreme Court's ultimate determination in these cases would have a "profound effect" on this case. However, while a particular ruling by the Supreme Court may potentially be dispositive as to one issue, it would not dispose of the entire litigation. This is an insufficient basis to stay this matter.

Defendants also argue that a stay is warranted pending the ruling of the Judicial Panel on Multidistrict Litigation ("MDL Panel") regarding Defendants' motion to transfer this case to the Central District of Illinois and to consolidate it with *Bailey*. Federal Rule of Procedure of the Judicial Panel on Multi-District Litigation 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." See also Manual for Complex Litigation, Federal Judicial Center, Section 20.131 and Section 22.35 (4th ed. 2004).

While this Court does not have a crystal ball as to what the JPML's ultimate decision will be, given that there are only two actions currently pending in the same state and in neighboring districts, the likelihood that Defendants will succeed on their motion to transfer is not great. At any rate, this Court finds no compelling reason to stay the instant proceedings until sometime beyond December 1, 2016 when the JPML will rule on the motion. Discovery and motion deadlines are already set in this case. Given the current procedural posture, a stay would only delay discovery and pretrial procedures that will be required regardless of where the case is pending. The Court will of course monitor any orders from the MDL Panel relating to this case.

Finally, a stay pending Judge Darrow's ruling on the motion to intervene and transfer *Bailey* to this district is not warranted.[1] Should the motion be granted, the case will be consolidated with the instant action and the current scheduling order will apply. On the other hand, if the motion is denied, the two cases will continue to be litigated separately. A stay would only operate to unnecessarily delay discovery in this matter. While that may be a preferred outcome for Defendants, the Court remains persuaded that it is not justified. Accordingly, Defendants' Motion to Stay (Doc. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 25, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[1] The Court takes note that Defendants are not seeking a stay of proceedings in *Bailey* pending rulings by the Supreme Court or JPML although the arguments advanced in support of the instant motion would also apply in that case.

3