IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILAR SMITH, et al., On Behalf of Themselves and All Others Similarly Situated, and On Behalf of the OSF Plans,<br><br>Plaintiffs,<br><br>vs.<br><br>OSF HEALTHCARE SYSTEM, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 16-CV-467-SMY-RJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss Counts X-XIV of Plaintiffs' Third Amended Class Action Complaint (Doc. 130).[1] Plaintiffs filed a response (Doc. 140). For the following reasons, the motion is **GRANTED.**

## **Background**

Defendant OSF is an Illinois 501(c)(3) non-profit corporation.[2] OSF operates eleven acute care hospitals, home health care services and other health care facilities in Illinois and Michigan. As part of its operations, OSF maintains at least two defined-benefits plans covering its own direct employees ("St. Francis Plan") and employees of the recently-acquired St.

---

[1] Subsequent to the filing of the instant Motion to Dismiss, Plaintiffs sought and received leave to file a Fourth Amended Complaint (Doc. 138). The purpose of that amendment was to add three parties who had been pursuing a parallel action by simply adding subparagraphs 15.1, 15.2 and 15.3 (Doc. 133). The parties have stipulated that the amendment did not changed the substance or application of the instant motion, and the Court finds that judicial economy is best served by ruling on the instant motion and applying the ruling to the Fourth Amended Complaint.

[2] The following facts are taken from the Fourth Amended Complaint (Doc. 138) and must be accepted as true solely for purposes of the instant motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007).

1

Anthony's Health Center ("St. Anthony's Plan"). Defendant Retirement Committee for the Retirement Plan for Employees of Saint Anthony's Health Center ("St. Anthony's Committee") is the administrator of the St. Anthony's Plan. Defendant Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee ("St. Francis Committee") is the administrator of the St. Francis Plan.

Plaintiffs Sheilar Smith and June Schwierjohn were employed at Saint Anthony's Health Center until 2015 and 2016 respectively. Both are vested participants in the St. Anthony's Plan. Plaintiffs Kasandra Anton, Bonnie Bailey and Peggy Wise were employed by OSF and are vested participants in the St. Francis Plan.

Initially, this case involved only claims asserted under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L. 93–406, 88 Stat. 840 as amended. Specifically, Plaintiffs allege that OSF and related entities had improperly treated the St. Anthony's Plan and St. Francis Plan (collectively, "The Plans") as "church plans," which are exempt from the requirements of ERISA. 29 U.S.C. § 1003(b)(2). Plaintiffs further allege that OSF has failed to adequately fund the Plans' trust accounts to the level required under ERISA to cover all accrued benefits, that the defendants failed to follow certain notice, disclosure and managerial requirements, and that the defendants had breached their duties as fiduciaries.

After the case was filed, the Supreme Court issued its Opinion in *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017) which resolved some, but not all of the issues in this litigation. Plaintiffs subsequently filed a Third (and later Fourth) Amended Complaint adding five "alternative" causes of action "for relief under State law if the Court determines that the OSF Plans are 'church plans' exempt from ERISA." (Docs. 120 and 138 at n. 4). The state

2

law counts (Counts X-XIV) all center on OSF's alleged failure to make adequate contributions to the Plans to ensure that there were sufficient funds to pay accrued benefits.

Count X asserts a breach of contract claim against OSF based on express and implied promises by OSF and its predecessors to "(1) pay to Plaintiffs and other Class members, upon retirement, defined benefit pensions in amounts that increased with each year of service; and (2) make ongoing contributions to the OSF Plan trusts that were sufficient, on an actuarial basis, to pay for the accrued pension benefits." (Doc. 138 at ¶251). Plaintiffs allege that these promises were made in "summary plan descriptions, benefits statements, and other OSF Plan documents" as inducements for employees to continue their employment, and that the "offer" was accepted by the putative class members by beginning or continuing their employment with the organizations covered by the Plans. (*Id.* at ¶¶ 253-54). Plaintiffs further allege that OSF has breached its contractual obligations and violated the implied covenant of good faith and fair dealing by failing to fund the Plans' trusts sufficiently to pay accrued benefits, and request specific performance of that promise. (*Id.* at ¶¶ 258-59).

Count XI is the equity alternative to Count X's contract claim, in the event no enforceable contract is found to exist. It is premised on the same alleged promises and asserts a claim for promissory estoppel, on the theory that the Plaintiffs and putative class members relied on these representations in starting or continuing their employment with the covered organizations. (*Id.* at ¶¶ 267-70). Again, Plaintiffs request that the Court require OSF to increase funding of the Plans to a level sufficient on an actuarial basis to meet the amount of accrued benefits. Count XII also sounds in equity, asserting that OSF's enjoying the benefits of the class members' work while retaining funds which should have been contributed to the Plans' trust accounts amounts to unjust enrichment. (*Id.* at ¶¶275-88).

The remaining two counts assert claims for the breach of common law fiduciary duties by OSF (Count XIII) and the St. Francis and St. Anthony's Committees (Count XIV). Count XIII alleges that Plaintiffs and the putative class are beneficiaries of the trusts which hold the Plans' assets, that OSF is "a fiduciary pursuant to the OSF Plan documents" and that it has breached its fiduciary obligations by retaining funds that should have been contributed to fund the Plans' future obligations. (*Id.* at ¶¶ 292-99).

Count XIV asserts that the St. Francis and St. Anthony's Committees are "trustees," "fiduciary trust managers" or "trust protectors within the meaning of the common law of trusts" of the Plans' trusts, as well as "fiduciaries pursuant to the OSF Plan documents." (*Id.* at ¶¶ 303-4). Plaintiffs allege that the St. Francis and St. Anthony's Committees breached their fiduciary duties in "failing to use reasonable diligence to take control of trust property without unnecessary delay, including by failing to take reasonable steps to hold OSF to its obligation to make contributions that were sufficient, on actuarial basis, to fund all accrued benefits under the OSF Plans." (*Id.* at ¶ 311). In both counts, Plaintiffs seek to compel the defendants to perform their duties and make good any losses caused by the alleged breaches of those duties.

## Discussion

Defendants argue that the state law counts must be dismissed on numerous grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, they contend that Plaintiffs lack standing to assert their claims under Counts X through XII as there is no harm or imminent threat harm. Second, they assert that Counts X through XIV are time-barred. Finally, the defendants attack the "merits" of each State Law Count.

When a motion to dismiss asserts a lack of subject matter jurisdiction under Rule 12(b)(1) as well as Rule 12(b)(6) defenses, a court should consider the jurisdictional challenge first. *Bell*

*v. Hood*, 327 U.S. 678, 682 (1946). Rule 12(b)(1) permits the Court to dismiss an action for lack of jurisdiction over the subject matter, pursuant to a motion by the defendant. Fed. R. Civ. P. 12(b)(1). The Court may also dismiss a claim *sua sponte* if its review of the pleadings reveals that it lacks subject matter jurisdiction. Moreover, "[i]t is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case". *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007).

Plaintiffs assert federal subject matter jurisdiction on two related bases: as a civil action involving a federal question (28 U.S.C. § 1331) and under the civil enforcement provision of ERISA (29 U.S.C. § 1132(e)). (Doc. 138 at ¶10). The only federal questions involved in this case arise in ERISA counts. For the state law counts, Plaintiffs assert that Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because "the state law claims are so related to Plaintiffs' other claims in this action that they form part of the same case or controversy." (*Id.*).

Under the supplemental jurisdiction statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Put another way, a federal court has supplemental jurisdiction over a state law cause of action when the claims "derive from a common nucleus of operative fact, such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500 (7th Cir. 1999) *quoting City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65 (1997).

A district court is not required to exercise supplemental jurisdiction, and may decline to do so if it has dismissed all claims over which it has original jurisdiction, or "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3)-(4). Under other circumstances, the Court would exercise supplemental jurisdiction over the state law causes of action pled in this case. All five counts arise from the existence and terms of the Plans, the alleged failure to fund the Plans adequately, and representations allegedly made to the putative class about their interests in the Plans. It would be impossible to resolve the state law questions without reference to the Plans' terms.

ERISA cases, however, pose a special problem for supplemental jurisdiction because of the doctrine of complete preemption. ERISA § 514(a) provides (with some inapplicable exceptions) that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "Relate to" has been interpreted broadly to include "a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan[.]" *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998) *quoting Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11 (1987). Such a claim is completely preempted by ERISA (1) "if an individual, at some point in time, could have brought his claim under ERISA's expansive civil enforcement mechanism … and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) *quoting Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). "Complete preemption means that a claim brought by the Plaintiff as a state law claim is transformed through the magic of complete preemption into a federal ERISA claim. That is, no matter how the Plaintiff styles it, if the substance of the claim is completely preempted then it is an ERISA claim **and only an ERISA claim**." *Associated Fin. Grp., LLC v.*

*Qualified Annuity Servs., Inc.*, No. 10-C-419, 2010 WL 4853291, at *1 (E.D. Wis. Nov. 23, 2010) (emphasis added).

Here, Plaintiffs' state law claims are preempted. Counts X-XII specifically seek to enforce OSF's alleged duty to adequately fund the Plans. As such, they could have been—and have been— brought under the auspices of ERISA. Similarly, breach of fiduciary duty claims, such as those set forth in Counts XIII and XIV are specifically authorized by the statute. 29 U.S.C. §§ 1109 and 1132(a)(2).

Additionally, the state law counts do not implicate any duty independent of the Plans. Without the Plans, there would be no duty for OSF to contribute to the trusts and no violations arising from the alleged failure to adequately do so. The breach of contract claim explicitly turns on the language of the Plan documents. The equity-based claims (Counts XI and XII) require examination of each party's rights and responsibilities under the Plans and related documentation in order to determine whether Plaintiffs' expectations and reliance were reasonable and to assess the overall balance of fairness. Finally, the fiduciary duties of the defendants underpinning the claims asserted in Counts XIII and XIV are defined in large part by the powers and obligations imposed by the terms of the Plans. Thus, the "common nucleus of operative fact" on which supplemental jurisdiction would be based also triggers preemption if ERISA applies to the Plans.

ERISA is the only basis for this action to be in federal court. (Doc. 138 at ¶ 10). Plaintiffs have pled the state law claims "in the alternative" to the ERISA counts because they recognize the two approaches are mutually exclusive. If the Court were to find that ERISA applies, the state law claims must be dismissed as preempted. On the other hand, if the Court finds that ERISA does not apply, then the state law claims are not preempted, but lack any basis

for federal jurisdiction and the Court must dismiss the case. In either case, the result is the state law counts being dismissed.

Given the absolute conflict between complete preemption and supplemental jurisdiction, the state law claims are poisonous to federal subject-matter jurisdiction. Plaintiffs can either proceed on their state law claims or they can be in federal court, but not both. There is no point in continuing to litigate these claims in this Court because they are going to be dismissed sooner or later. The Court will therefore exercise its discretion and dismiss them without prejudice now for lack of subject matter jurisdiction.

Accordingly, Defendants' motion to dismiss Plaintiffs' state law claims is **GRANTED.** Counts X-XIV of the Fourth Amended Complaint are hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: December 5, 2017**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**