**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans, <br><br> Plaintiffs, <br><br> v. <br><br> OSF HealthCare System; The Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee; and Retirement Committee for the Retirement Plan for Employees of Saint Anthony's Health Center, <br><br> Defendants. | No. 3:16-cv-00467-SMY-RJD |

**PLAINTIFFS' MOTION TO DEFER BRIEFING AND CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER**

**I.   BACKGROUND**

On the last business day of 2017, Defendants filed a Motion for Summary Judgment ("Motion"), ECF No. 147, accompanied by a supporting memorandum ("Mem."), ECF No. 148, and approximately 1,490 pages of declarations and exhibits of 11 witnesses, ECF Nos. 149-59. Defendants' Motion purports to address all issues remaining in this "church plan" case in the aftermath of the Supreme Court's decision in *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017), including all remaining alternative arguments as to why Plaintiffs' pension plans (collectively the "Plans) do not satisfy the statutory "church plan" exemption from ERISA or, if they did, why the application of that exemption to the Plans would violate the Establishment Clause.

1

What the Motion does not address is the procedural posture of this case. *After* the Supreme Court issued its decision in *Advocate* (on June 5, 2017), Magistrate Judge Daly engaged with the parties on preparing a schedule for the case in light of that decision. The result was the Parties' 26(f) Report and Proposed Revised Scheduling and Discovery Order (Class Action) ("Report"), ECF No. 126-1, executed by the parties on August 9, 2017, and approved by Magistrate Judge Daly the following day, August 10, 2017, ECF No. 126. In brief, in light of the mixed questions of fact and law raised by each of the remaining alternative theories as to why the Plans are not exempt from ERISA, that schedule provided for fact depositions to continue until April 24, 2018, expert depositions to continue until September 6, 2018, final expert reports to be due on August 16, 2018, and all discovery to be completed by September 6, 2018. Dispositive motions are due on September 21, 2018.[1]

These dates, and the numerical limits on depositions (15 per side, excluding experts) and interrogatories (40 per side), were all reached after discussions between the parties and Magistrate Judge Daly. The Report itself says that "SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED, AND THE PARTIES REACHED THE FOLLOWING AGREEMENT ON A PROPOSED REVISED SCHEDULING AND DISCOVERY ORDER." Report at 1 (capitalization in original). Again, all of this took place in light of the issues presented in the case after *Advocate*.

Defendants are of course free to file a summary judgment motion nine months earlier than the deadline set in the agreed-upon schedule for the case. They are not free, however, to

---

[1] The factual nature of the remaining issues is further demonstrated by Defendants' consistent decisions to answer these claims rather than to file Rule 12 motions addressing them. Defs.' Am. Answer to First Am. Compl., ECF No. 57; Defs.' Answer to Pls.' Second Am. Compl., ECF No. 110; Defs.' Answer to Pls.' Third Am. Compl., ECF No. 132; Defs.' Answer to Pls.' Fourth Am. Compl., ECF No. 140.

deprive Plaintiffs of the discovery to which they are entitled before such a motion is presented to the Court for decision. Thus far, the discovery in the case has been minimal. Defendants have produced some 31,427 pages of documents (bates numbered OSF 000001-31427), but the majority of these are routine and self-serving, including a reproduction of the 1,912-page 2017 edition of the Official Catholic Directory in its entirety (bates numbered OSF 028102-030013), and recently produced photographs of icons and statues purportedly located adjacent to OSF's corporate campus (bates numbered OSF 031399-402). Defendants have not produced emails— which are crucial in cases like this—nor have they produced numerous outstanding documents from Plaintiffs' First and Second Requests for Production of Documents, including but not limited to, documents and materials reviewed by OSF's Board and Plan Committees, a complete set of applications to the IRS for church plan status for the Plans, and certain IRS Form 990s for OSF Healthcare. No depositions have yet been taken, though deposition notices are outstanding. Obviously, the depositions of the Defendants' experts, who were first disclosed in the Motion itself, have not even been noticed. In fact, as this motion is being prepared, counsel for Plaintiffs have received another letter from defense counsel detailing various discovery disputes which have yet to be resolved.

## II.   ARGUMENT

This Court's scheduling order plainly contemplates that a comprehensive motion like this would be addressed after the carefully planned discovery is completed. Rule 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment to allow for appropriate discovery to address matters raised by the motion. *Spierer v. Rossman*, 798 F.3d 502, 506-07 (7th Cir. 2015). In relevant part, Rule 56(d), provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer

3

> considering the motion or deny it . . . allow time to obtain affidavits or declarations or to take discovery; or . . . issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Deferring consideration of a summary judgment motion under Rule 56(d) is a routine practice in this Circuit when a party has made a showing of good cause for their inability to respond to the motion. *See Nat'l Fire & Marine Ins. v. Lindemann*, No. 3:15-CV-910-DRH-DGW, 2016 WL 6947066, at *1 (S.D. Ill. Jan. 26, 2016) (denying summary judgment motion with leave to re-file when nonmoving party had insufficient facts to respond and scheduling order provided for an additional eight months for fact discovery).

A declaration of Laura R. Gerber, recounting in detail the background of the scheduling order, the status of discovery, and the types of facts, yet to be discovered, which bear on the motion, is attached hereto. However, it is clear enough from contents of the Motion itself and the numerous attachments to it that it is premature.

A key issue in the case is whether the Plans are "maintained" by a proper entity. Under 29 U.S.C. § 1002(33), only two types of entities may "maintain" a church plan: (i) a church, *id.* § 1002(33)(A); or (ii) an organization controlled by or associated with a church whose "principal purpose or function" is "the administration or funding" of benefit plans for church employees (hereinafter "principal-purpose organization"), *id.* § 1002(33)(C)(i). Defendants' position—that the Plans are maintained by internal benefits committees (the "Committees")—entirely ignores the meaning of "maintained" and assumes that it means administration. *See* Mem. at 11-12. But it doesn't. The entity that maintains the Plans is not a mere administrator, but the entity that "has the primary ongoing responsibility (and potential liability) to plan participants." *Advocate*, 137 S. Ct. at 1661. Plaintiffs need discovery as to which entity, in fact, maintains the Plans. In the same vein, Plaintiffs need discovery on the following issues:

4

1. What authority, if any, beyond plan administration is possessed by and/or acted upon by the Committees over the plans? *See* Mem. at 12.

2. Which entities, OSF, St. Anthony's or the Committees, made the commitment to employees to provide plan benefits?

3. Which entities, OSF, St. Anthony's or the Committees, are responsible for funding plan benefits?

4. Which entities, OSF, St. Anthony's, or the Committees, drafted/adopted/executed or otherwise decided on the terms of plan restatements and amendments?

5. Whether the Committees are "organizations" distinct from OSF within the meaning of 29 U.S.C. § 1002(C)(i)?

6. To what extent did the Committees make decisions on their own as opposed to delegating decisions to OSF staff or executives and/or following the directions of OSF staff or executives? *See* Mem. at 12.

Another key issue in the case is whether OSF and the Committees are "controlled by or associated with" the Roman Catholic Church within the meaning of ERISA and the relevant case law, including *Lown v. Continental Casualty Co.*, 238 F.3d 543, 548 (4th Cir. 2001), and *Chronister v. Baptist Health*, 442 F.3d 648 (8th Cir. 2006). This involves two inquiries. OSF, the current employer, must meet the test or its employees are not deemed employees of the church as they must be if these are church plans. *See* 29 U.S.C. § 1002(33)(C)(ii), (iii). Second, if the Committees maintain the Plans, as OSF claims, then they too must meet this test. *See id.* § 1002(33)(C)(i). The *Lown/Chronister* test involves an inquiry into, among other things, the role of the church in the governance of the entities (OSF, St. Anthony's or the committees) and the financial support, if any, provided by the church to the entity. *See Chronister*, 442 F.3d at 653 (citing *Lown*, 238 F.3d at 548). *Accord Walsh v. Mut. of Omaha Ins.*, No. 4:16 CV 800 RWS, 2016 WL 5076197, at *3 (E.D. Mo. Sept. 20, 2016) (holding that Saint Louis University did not satisfy *Chronister*).

This in turn involves the following factual issues, which are yet to be explored in discovery:

1. Any direct or indirect role by the Catholic Church, as opposed to the Orders (which are distinct civil law entities), in the governance of OSF, St. Anthony's or the Committees.

2. Any financial assistance provided by the Catholic Church, as opposed to the Orders (which are distinct civil law entities), to OSF, St. Anthony's or the Committees.

And these issues involve a host of subsidiary issues, such as the nature of any consultation with or approval by local bishops concerning partnerships, property, loans, and debt financing etc. *See* Mem. at 15. Plaintiffs are entitled to know whether this consultation or these approvals actually happens, whether it is actually required (and if so, by what authority), and so on.

Still another issue in the case is whether "less than substantially all" of the Plan participants are deemed to be employees of a church under 29 U.S.C. § 1102(33)(B)(ii). This raises the following factual issues, which, again, are yet to be explored in discovery:

1. Extent to which Plan participants are employees of OSF, St. Anthony's or other subsidiaries and whether such other subsidiaries themselves qualify as controlled by or associated with a church. *See* Mem. at 20-21.

2. Verification of the numbers of employees contained in the Lowry declaration and cited in Defendants' brief. *See* Mem. at 20-21.

Finally, even if the Plans satisfied the statutory church plan definition, Plaintiffs allege that they still are not exempt from ERISA because application of the church plan exemption to the Plan violates the Establishment Clause. This issue raises at least the following factual issues:

1. Whether application of ERISA imposes any substantial burden on any religious exercise of OSF?

2. To what extent are Socially Responsible Investment Guidelines (*see* Mem. at 9) implemented?

6

3. Whether in practice those guidelines conform with DOL guidance regarding the use of social investing?

4. Whether and to what extent OSF sponsors other ERISA-covered plans and complies with ERISA's investing and regulatory requirements for those ERISA-covered plans?

5. Whether and to what extent the application of the church plan exemption is imposed at the expense of third parties, including OSF's employees?

These are simply examples, but they suffice to show that, as counsel and the Court contemplated when they worked out the detailed discovery schedule for this case, many factual issues remain to be explored before this case is ripe for adjudication. Even in the absence of a scheduling order like the one present here, the courts in the Circuit have routinely deferred consideration of motions for summary judgment under Rule 56(d) in settings like this. *See Nat'l Fire & Marine Ins.*, 2016 WL 6947066; *Hartford Cas. Ins. v. Juneau Assocs., Inc.*, No. 14-CV-0826-MJR-PMF, 2015 WL 5161389, at *2 (S.D. Ill. Sept. 1, 2015). The Court should do so here as well.

### III. CONCLUSION

For these reasons, Plaintiffs urge the Court to enter an order deferring further briefing on the Motion until the completion of discovery under the existing schedule.

DATED this 5th day of January, 2018.

                              **KELLER ROHRBACK L.L.P.**

                              */s/ Laura R. Gerber*
                              Lynn Lincoln Sarko
                              lsarko@kellerrohrback.com
                              Laura R. Gerber
                              lgerber@kellerrohrback.com
                              Cari C. Laufenberg (admitted *pro hac vice*)
                              claufenberg@kellerrohrback.com
                              Havila C. Unrein (admitted *pro hac vice*)
                              hunrein@kellerrohrback.com

1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384

**KELLER ROHRBACK L.L.P.**
Ron Kilgard
rkilgard@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel.: (602) 248-0088
Fax: (602) 248-2822

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Karen L. Handorf (admitted *pro hac vice*)
khandorf@cohenmilstein.com
Michelle Yau (admitted *pro hac vice*)
myau@cohenmilstein.com
Mary J. Bortscheller, ARDC #6304457
mbortscheller@cohenmilstein.com
Scott Lempert (admitted *pro hac vice*)
slempert@cohenmilstein.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

**ARMSTRONG LAW FIRM LLC**
Matthew H. Armstrong, ARDC #6226591
matt@mattarmstronglaw.com
8816 Manchester Road, No. 109
St. Louis, MO 63144
Tel.: (314) 258-0212

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Mark K. Gyandoh
mgyandoh@ktmc.com
Julie Siebert-Johnson
jsjohnson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

8

**IZARD, KINDALL & RAABE, LLP**
Mark P. Kindall (admitted *pro hac vice*)
mkindall@ikrlaw.com
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

*/s/ Laura R. Gerber*
Laura R. Gerber