# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans,<br><br>Plaintiffs,<br><br>v.<br><br>OSF HealthCare System; The Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee; and Retirement Committee for the Retirement Plan for Employees of Saint Anthony's Health Center,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:16-cv-00467-SMY-RJD |

## DECLARATION OF LAURA R. GERBER IN SUPPORT OF PLAINTIFFS' MOTION TO DEFER BRIEFING AND CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER

Pursuant to 28 U.S.C. § 1746, I, Laura R. Gerber, submit this Declaration in Support of Plaintiffs' Motion to Defer Briefing and Consideration of Defendants' Motion for Summary Judgment to Permit Discovery Pursuant to the Scheduling Order.

1. I am a partner at the law firm of Keller Rohrback L.L.P. and counsel of record for Plaintiffs Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn in the matter captioned *Smith v. OSF HealthCare System*, No. 16-467 (S.D. Ill. filed Apr. 27, 2016). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

2.     Defendants' Motion for Summary Judgment and Supporting Memorandum (the "Motion"), ECF Nos. 147-48, purport to address all issues remaining in this "church plan" case in the aftermath of the Supreme Court's decision in *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017), including all remaining alternative arguments as to why Plaintiffs' pension plans (collectively the "Plans") do not satisfy the statutory "church plan" exemption from ERISA or, if they did, why the application of that exemption to the Plans would violate the Establishment Clause.

3.     Discovery is required so that Plaintiffs can respond to Defendants' Motion as to the following statutory issues, each of which presents mixed questions of fact and law:

(I) Whether the Plans are "maintained" by a permissible entity, as every church plan must be "maintained" by either a church, 29 U.S.C. § 1002(33)(A), or an "organization" controlled by or associated with a church that has a "principal purpose" of funding or administering benefit plans for church employees, 29 U.S.C. § 1002(33)(C)(i). Evaluation of whether this requirement is satisfied presents both legal and factual issues, including (a) whether the Plans are in fact "maintained" by the OSF Plan Committees, as claimed by Defendants, or instead by the Plan sponsor, OSF, as claimed by Plaintiffs; and (b) whether, even if the OSF Plan Committees "maintained" the Plans, the OSF Plan Committees qualify as principal-purpose "organizations" as opposed to mere internal subsets of OSF. Resolution of these issues will require discovery in the form of depositions, responses to outstanding written discovery pursuant to Plaintiffs' Requests for Production of Documents, and responses to outstanding interrogatories, as detailed *infra*;

(II) Whether the OSF employees covered by the Plans are employees of a permissible entity, namely a church or an organization "controlled by or associated with" a church within the meaning of ERISA, 29 U.S.C. §§ 1002(33)(A), (C)(i), (C)(ii)(II). The Plans cover employees of OSF. OSF, and also, previously, St. Anthony's Health Center, are hospital systems, not churches. Whether OSF (and St. Anthony's) are "controlled by or associated with" a church within the meaning of ERISA presents both legal and factual issues, including *inter alia* whether any church plays an official role in the governance of OSF or provides ongoing financial assistance to OSF. As detailed *infra*, discovery on this issue is required, and may only be obtained through depositions, presently outstanding written discovery responses to Plaintiffs' Requests for Production of Documents, and Interrogatories;

(III) Whether the OSF Plan Committees, even if they maintain the Plans and qualify as principal-purpose "organizations," are "controlled by or associated with" a church within the meaning of ERISA, as required by 29 U.S.C. § 1002(33)(C)(i). As with respect to the preceding issue, whether the OSF Plan Committees are "controlled by or associated with" a church within the meaning of ERISA presents both legal and factual issues, including *inter alia* whether any church plays an official role in the governance of the committees or provides ongoing financial assistance to the committees;

(IV) Whether the Plans are disqualified from church plan status because less than "substantially all" of the participants in the Plans are deemed church employees, 29 U.S.C. § 1002(33)(B)(ii). This is primarily a factual issue, and Plaintiffs presently lack discovery regarding the entities in the OSF controlled group sufficient to respond to this Motion. This discovery will need to be obtained through depositions, and also through

outstanding written discovery responses to Plaintiffs' Requests for Production of Documents, *see infra*; and

(V) Whether application of the church plan exemption to the Plans violates the Establishment Clause. This issue also presents both legal and factual issues, including whether the application of ERISA imposes any substantial burden on OSF's religious exercise and the extent to which such an exemption is imposed at the expense of third parties, including OSF's employees. Discovery in the form of depositions and responses to outstanding interrogatories is necessary in order to respond.

4.     The following chronology of the case and overview of ongoing discovery negotiations and disputes highlights the need for further discovery before Plaintiffs can properly respond to the Motion.

5.     On July 25, 2017, on the expiration of the stay previously entered by this Court, ECF No. 116, Plaintiffs filed a Third Amended Class Action Complaint, ECF No. 120.

6.     Soon thereafter, on August 10, 2017, the Court entered a Scheduling and Discovery Order in this matter approving and entering the Parties' 26(f) Report and Proposed Revised Scheduling and Discovery Order (Class Action), with all discovery due by September 6, 2018, and dispositive motions due by September 21, 2018. ECF Nos. 126, 126-1.

7.     On August 24, 2017, Defendants made an additional production of two documents to Plaintiffs (bates numbered OSF 025619-75).

8.     On September 8, 2017, Defendants filed their Answer to Plaintiffs' Third Amended Complaint, ECF No. 132, as well as a Motion to Dismiss Plaintiffs' state law claims, ECF No. 130.

9.     On October 4, 2017, the parties negotiated and stipulated to the filing of Plaintiffs' Fourth Amended Complaint and Defendants' Fourth Amended Answer. On October 12, 2017, Plaintiffs filed the Fourth Amended Class Action Complaint, ECF No. 138. On October 19, 2017, Defendants filed their Answer to Plaintiffs' Fourth Amended Class Action Complaint, ECF No. 140.

10.     On November 10, 2017, Defendants made an additional production of 121 documents to Plaintiffs (bates numbered OSF 025676-31227).

11.     On November 10, 2017, I sent a letter to counsel for Defendants (Brian Ortelere and Emily Glunz) requesting a meet and confer to address outstanding discovery issues on November 17 or November 20, 2017. Plaintiffs' counsel requested to discuss Defendants' objections that had been lodged in response to outstanding discovery, as well as the previously deferred discussion of production of electronic documents, including emails. A true and correct copy of the November 10, 2017 letter is attached to this Declaration as **Exhibit A**.

12.     The requested meet and confer call was originally scheduled for November 20, 2017, and then, due to scheduling problems, Defendants requested to move it to November 28, 2017. The meet and confer call occurred on November 28, 2017, with counsel for Defendants Brian Ortelere, Mara Slakas, and Erin McAdams all participating. Plaintiffs' counsel included myself and Ron Kilgard. During the meet and confer, the parties discussed proceeding with electronic discovery, including exchange of search terms and electronic records custodians— Plaintiffs requested production of all electronic records by no later than February 1, 2018. The parties also discussed Defendants' outstanding objections to Interrogatory Nos. 1 and 4, as well as outstanding documents responsive to Plaintiffs' First Request for Production of Documents, served on June 8, 2016, and Plaintiffs' Second Request for Production of Documents, served on

January 20, 2017.  During the call, Defendants' counsel, Brian Ortelere stated that he would "find out what is going on with these items" and get back to counsel for Plaintiffs' "within a week." Only today, January 5, 2018, did I receive follow-up correspondence from Defendants addressing any of the items discussed during the parties' meet and confer call on November 28, 2017. I take issue with many of the positions taken in today's correspondence from Defendants that will certainly be the subject of further discussions or a motion to compel given Defendants' ongoing discovery delays and failures to engage in negotiations relating to electronic discovery.

13.     On December 5, 2017, the Court entered an Order dismissing Plaintiffs' state law claims. ECF No. 142.

14.     On December 8, 2017, I sent a discovery deficiency letter to counsel for Defendants (Brian Ortelere, Mara Slakas, and Erin McAdams) to follow-up on the call of November 28, 2017, providing a list of proposed search terms (21 search strings) and electronic records custodians (47 individuals) for electronic discovery. This letter also requested Defendants' outstanding responses to Interrogatory Nos. 1 and 4, and outstanding production of documents pursuant to Plaintiffs' First and Second Sets of Requests for Production. A true and correct copy of the December 8, 2017 letter is attached to this Declaration as **Exhibit B**. In relevant part, the letter addressed deficiencies in the Defendants' document productions, including missing documents pursuant to:

- RFP No. 1: charters for the OSF Plan Committees (which would address whether the committees "maintain" the Plans and whether the committees are controlled by or associated with any church within the meaning of ERISA);

- RFP No. 2: a full set of committee and Board materials which have not been produced (which would address whether the committees maintain the Plans, control and association, as well as the constitutional law claim);

- RFP No. 3: supplementation of the documents concerning additional named Plaintiffs Bonnie Bailey, June Schwierjohn, and Peggy Wise;

- RFP No. 5: production of the applications Defendants sent to Internal Revenue Service seeking rulings on church plan status for the Plans (which would address whether the committees maintain the Plans, control and association, as well as the make-up of the OSF controlled group and whether the Plans cover more than an insubstantial number of employees of impermissible organizations);

- RFP No. 8: production of missing IRS Form 990s for both OSF and St. Anthony's (which would address "control and association" and the constitutional law claim);

- RFP No. 23: production of missing portions of Defendants' closing binder for the transaction between St. Anthony's Hospital and OSF Healthcare (which would address control and association issues and the constitutional law claim); and

- RFP Nos. 25-27: documents concerning relevant actuarial documents needed for damages calculations (concededly not relevant to Defendants' Motion for Summary Judgment, but to damages if Plaintiffs prevail on liability).

15. On December 15, 2017, Plaintiffs' counsel served on Defendants the following: (i) Plaintiffs' First Request for Admissions; (ii) Plaintiffs' Third Set of Interrogatories; and (iii) Plaintiffs' Third Request for Production of Documents. A true and correct copy of the December 15, 2017, cover email and discovery requests are attached to this Declaration as **Exhibit C**.

16. Plaintiffs' Third Set of Interrogatories, served on December 15, 2017, sought, *inter alia*, identification of all property that OSF uses that it claims is "stable patrimony," identification of each individual serving on the OSF Plan Committees and their dates of service and title, the religious denomination of each member of any OSF Plan Committee, the basis for any claim that the OSF Plans satisfied the minimum funding standard as set forth in ERISA for funding a defined benefit plan, identification of all members of the OSF Controlled Group and whether employees of controlled group members are participants in the OSF Plans, and the basis for Defendants' claim that OSF requires an exemption from ERISA so as to prevent any intrusion by a governmental entity into OSF's confidential books or records regarding its religious activities.

17.     Plaintiffs' Third Request for Production of Documents, served on December 15, 2017, sought, *inter alia*, all documents concerning the decision of OSF Healthcare and St. Anthony's to seek church plan status for the OSF Plan in 1987 and the St. Anthony's Plan in 1990, (it is my understanding that Defendants ran the two Plans as ERISA plans before making the determination to seek church plan status and seeking refunds of PBGC insurance premiums) as well as all applications of OSF Healthcare for inclusion in the Official Catholic Directory. The recently propounded Interrogatories and Requests for Production are all required to respond to the Motion.

18.     On December 19, 2017, Defendants made an additional production of 29 documents to Plaintiffs (bates numbered OSF 031228-398). Many of these have no bearing on the issues in the case including brochures about the Women's Services Advisory Council, a brochure for OSH Healthcare entitled "Urinary Fitness Journey," and OSF Healthcare's Uninsured Discount Policy.

19.     On December 22, 2017, counsel for Plaintiffs sent an additional discovery deficiency letter to Defendants' counsel stating that they had not received any response to outstanding discovery issues discussed during the November 28, 2017 call, or to the follow-up letter dated December 8, 2017, and three deposition notices for April Rowe, Kristin Williams, and Robyn Grissom, noted for depositions during the week of February 5, 2019, as well as a request for production of all emails concerning these individuals to be produced to Plaintiffs by no later than January 22, 2017. A true and correct copy of the December 22, 2017, cover email and discovery requests are attached to this Declaration as **Exhibit D**.

20.     I stated in the December 22, 2017 letter that if Plaintiffs' counsel did not have a response or resolution of the outstanding issues by January 4, 2018, Plaintiffs intended to raise

the disputes with Magistrate Judge Daly. Only today, January 5, 2018, did I receive a letter addressing any of these outstanding discovery issues. As mentioned above, I disagree with many of the positions taken in today's correspondence from Defendants that will be the subject of further discussions or a motion to compel.

21.     On December 27, 2017, Defendants made an additional production of documents to Plaintiffs, bates numbered OSF 031399-427, the production consisted of a copy of amended and restated corporate bylaws previously adopted on January 26, 2015, and reviewed on January 30, 2017, as well as four photographs of statutes.

22.     On December 29, 2017, Defendants filed a 25-page Memorandum in Support of Defendants' Motion for Summary Judgment on all outstanding issues in this matter, ECF No. 148, attaching eleven declarations (including two expert reports), and 67 exhibits, or a total of roughly 1,490 pages.

23.     On January 3, 2018, I received an email from Mara Slakas Brown, counsel for Defendants, stating that "in the interest of cooperative discovery contemplated by the Local Rules for the Southern District of Illinois," Defendants would provide a response to Plaintiffs' December correspondence and additional discovery requests by Friday, January 5, 2018.

24.     The Scheduling Order for this matter entered by the Court also contemplates discovery going to the merits of Plaintiffs' claims, (Counts II-VIII), including claims for violation of ERISA's reporting and disclosure provisions, for failure to provide minimum funding against Defendant OSF, for failure to establish the Plans pursuant to written instruments meeting the requirements of ERISA, for failure to establish a trust meeting the requirements of ERISA, for clarification of future benefits under ERISA, civil money penalties against all

Defendants, breach of ERISA's fiduciary duties against all defendants. This discovery is ongoing.

25.     In an effort to pursue discovery of facts that will be necessary to oppose Defendants' Motion, Plaintiffs will need to depose a number of individuals, especially the three individuals for whom Plaintiffs' counsel issued deposition notices on December 22, 2017: April Rowe, Kristin Williams, and Robyn Grissom. These individuals are HR personnel who, based on discovery received thus far, should know how the Plans are operated in fact. In addition, Plaintiffs will need to depose other individuals with discoverable information, most obviously the nine declarants and two experts who submitted reports in support of the Motion.  Plaintiffs also need to complete other outstanding discovery, based on the schedule previously agreed to by the parties, including receipt of outstanding interrogatory responses, and outstanding document discovery, including any initial production of electronic records, as well as responses to requests for admissions.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of January, 2018, in Seattle, WA.

**KELLER ROHRBACK L.L.P.**

*/s/ Laura R. Gerber*
Laura R. Gerber
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Tel.: (206) 623-1900
Fax: (206) 623-3384
lgerber@kellerrohrback.com

***Attorney for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2018, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.


*/s/ Laura R. Gerber*                          
Laura R. Gerber