**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans, <br><br> Plaintiffs, <br><br> v. <br><br> OSF HealthCare System; The Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee; and Retirement Committee for the Retirement Plan for Employees of Saint Anthony's Health Center, <br><br> Defendants. | No. 3:16-cv-00467-SMY-RJD |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING THE CLASS, APPROVING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"), set forth in Plaintiffs' Fourth Amended Class Action Complaint dated November 12, 2017, with respect to The Sisters of the Third Order of St. Francis Employees Pension Plan and the Retirement Plan for Employees of St. Anthony's Health Center (the "OSF Plans").[1]

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

Presented to the Court for preliminary approval is a Settlement of this litigation between all parties. The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on September 17, 2020, on behalf of all of the Plaintiffs and Defendants (the "Parties"). Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement Agreement and Certification of Settlement Class ("Preliminary Approval Motion"). The Court conducted a hearing on the Motion and has considered the Settlement to determine, among other things, whether to preliminarily approve the Settlement, preliminarily certify a Settlement Class, and authorize the dissemination of a Class Notice to members of the Settlement Class. Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. <u>Class Findings.</u> The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law have been met as to the "Settlement Class" defined below, in that:

    A. The Court preliminarily finds that the Settlement Class is ascertainable from the Plans' records and other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Federal Rule of Civil Procedure 23(a)(1) is satisfied.

    B. The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class. Fed. R. Civ. P. 23(a)(2) is satisfied.

    C. The Court preliminarily finds that the claims of Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn (the "Plaintiffs") are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3) is satisfied.

D. The Court preliminarily finds that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among the Plaintiffs and the Settlement Class; and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions and have a high level of expertise litigating "church plan" cases. Fed. R. Civ. P. 23(a)(4) is satisfied.

E. The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Fed. R. Civ. P. 23(b)(1) is satisfied.

F. Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. Fed. R. Civ. P. 23(b)(2) is satisfied.

G. The Court preliminarily finds that Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. ("Class Counsel") and Local Counsel Matthew H. Armstrong are capable of fairly and adequately representing the interests of the Settlement Class. The Court further finds that Class Counsel is experienced in handling class actions, other

complex litigation, and claims of the type asserted in this Action and has committed the necessary resources to represent the Settlement Class. Fed. R. Civ. P. 23(g) is satisfied. The Court therefore preliminarily appoints Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn, the Plaintiffs, as the class representatives for the Settlement Class, and Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. as Class Counsel for the Settlement Class.

2.     Class Certification. Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and (b)(2) in this litigation (the "Settlement Class"):

> All vested or non-vested participants of the OSF Plans (and their beneficiaries) as of the date of the filing of the Complaint (April 27, 2016).

3.     Preliminary Findings Regarding Proposed Settlement. The Court preliminarily finds that:

    A.     The proposed Settlement resulted from informed, arms-length negotiations facilitated by a third-party mediator, Robert A. Meyer, Esq.;

    B.     Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate;

    C.     The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4.     Final Fairness Hearing. A hearing is scheduled for January 15, 2021, at 1:30 p.m. at the Benton Courthouse before Judge Staci M. Yandle (the "Fairness Hearing") to determine, among other things:

    A.     Whether the Settlement should be approved as fair, reasonable, and adequate;

    B.     Whether the Fourth Amended Class Action Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

   C. Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

   D. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

   E. Whether the application for the Fee Award comprised of payment of attorneys' fees and expenses to Class Counsel and for Incentive Awards to Plaintiffs, should be approved.

5. <u>Class Notice.</u> A form of Class Notice is attached to Plaintiffs' Motion for Preliminary Approval. With respect to such form of Class Notice, the Court finds that such form fairly and adequately:

   A. Describes the terms and effect of the Settlement Agreement;

   B. Notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and any Incentive Awards to Named Plaintiffs, will be paid according to § 7.1.4 of the Settlement Agreement;

   C. Gives notice to the Settlement Class of the time and place of the Fairness Hearing;

   D. Advises members of the Settlement Class that they do not have the right to opt out of the Settlement Class;

   E. Advises members of the Settlement Class of the binding effect of a judgment on members of the Settlement Class; and

   F. Describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that:

        i.      No later than sixty (60) days prior to the Fairness Hearing, the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, shall be sent to each Person within the Settlement Class who can be identified by the OSF Plans' current record-keeper. Such notice shall be in a form that the Parties have deemed to be cost effective, sent to the last known address for members of the Settlement Class. Defendants will pay the cost for notice to the Settlement Class.

        ii.      No later than sixty (60) days prior to the Fairness Hearing, Class Counsel shall cause the Settlement Agreement and the Class Notice to be published on the websites identified in the Class Notice.

        iii.      No later than seven (7) days prior to the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

        iv.      No later than forty-five (45) days before the Fairness Hearing, Class Counsel shall file a motion for Final Approval of the Settlement and an Application for a Fee Award which includes attorneys' fees and expenses, and Incentive Awards to the Named Plaintiffs.

        v.      No later than seven (7) days prior to the Fairness Hearing, Class Counsel shall file a Reply in Support of the Motion for Final Approval of the Settlement and Application for a Fee Award; the Parties must also respond to any comments or objections to the Settlement.

6.      <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, or to the Application for a Fee Award, including the payment of attorneys' fees and expenses and Incentive Awards for the Named Plaintiffs, may timely file an Objection in writing no later than twenty-eight (28) days prior to the Fairness Hearing. All written objections and supporting papers must be signed and must: (1) clearly identify the case name and number "*Smith*

*et al. v. OSF Healthcare System, et al.*, Case No. 3:16-cv-00467-SMY-RJD;" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendants' Counsel at the addresses below on or before twenty-eight (28) days before the Fairness Hearing; (3) set forth the objector's full name, current address, and telephone number; and (4) set forth a statement of the position the objector wishes to assert, including any factual and legal grounds for the position that the class member would like the Court to consider.  The objection must also provide the following additional information if applicable: (a) The names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (b) copies of all documents that the objector wishes to submit in support of his/her position; and (c) the name(s), address(es) and phone number(s) of any attorney(s) representing the objector.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

Clerk of the Court
United States Courthouse
301 West Main Street
Benton, IL 62812

To Class Counsel:

Lynn Lincoln Sarko
Laura R. Gerber
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Fax: (206) 623-3384

Ron Kilgard
KELLER ROHRBACK L.L.P.
3101 North Central Ave., Suite 1400
Phoenix, AZ 85012
Fax: (602) 248-2822

Karen L. Handorf
Michelle C. Yau
Julie S. Selesnick
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005

Fax: (202) 408-4699

To Defendants' Counsel:

Brian T. Ortelere
Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Fax: (215) 963-5001

Abbey M. Glenn
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Fax: (202) 739-3001

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on counsel listed above and file it with the Court by no later than twenty-eight (28) days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

7.  Appearance at Fairness Hearing. Any objector who files and serves a timely, written objection in accordance with paragraph six (6) may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel at the addresses set out above. The objector must also file the notice of intention to appear with the Court by no later than fourteen (14) days before the date of the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to

appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8. <u>Notice Expenses</u>. The expenses of printing and mailing all notices required hereby shall be paid by Defendants as provided in § 7.2 of the Settlement Agreement.

9. <u>Service of Papers</u>. Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement. In such event, § 9 of the Settlement Agreement shall govern the rights of the parties.

11. <u>Use of Order</u>. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Plaintiffs or the Settlement Class.

12. <u>Continuance of Hearing</u>. The Court may continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.**

**DATED: October 7, 2020**

**STACI M. YANDLE**
**United States District Judge**