**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the OSF Plans,<br><br>Plaintiffs,<br><br>v.<br><br>OSF HealthCare System; The Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee; and Retirement Committee for the Retirement Plan for Employees of Saint Anthony's Health Center,<br><br>Defendants. | No. 3:16-cv-00467-SMY |

**FINAL ORDER AND JUDGMENT**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, with respect to the Sisters of the Third Order of St. Francis Employees Pension Plan (the "St. Francis Plan") and the Retirement Plan for Employees of the Saint Anthony's Health Center (the "St. Anthony's Plan") (collectively, the "OSF Plans").[1]

On October 7, 2020, the Court entered an Order Preliminarily Approving the Settlement, Certifying the Class, Approving Notice to the Class, and Scheduling Final Approval Hearing

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

("Preliminary Approval Order") (Doc. 244). This Court held a Final Fairness Hearing on January 15, 2021, at 1:30 p.m., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2. On October 7, 2020, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(g), and 23(e), the Court preliminarily certified the following Settlement Class:

> All vested or non-vested participants of the OSF Plans (and their beneficiaries) as of the date of the filing of the Complaint (April 27, 2016).

The Court finds that the Settlement Class meets all requirements of Rule 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the Class Representatives and Class Counsel.

3. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (a) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

4. The prerequisites of Rule 23(b)(2) have also been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making

appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

5. Pursuant to Rule 23(a) the Court finds that Plaintiffs Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn (collectively, "Named Plaintiffs") are members of the Settlement Class, their claims are typical of those of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Sheilar Smith, Kasandra Anton, Bonnie Bailey, Peggy Wise, and June Schwierjohn as Class Representatives.

6. Having considered the factors set forth in Rule 23(g)(1), the Court finds that Class Counsel has fairly and adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC as Class Counsel to represent the members of the Settlement Class.

7. The appointment of Class Counsel and the appointment of Named Plaintiffs as Class Representatives are fully and finally confirmed.

8. Class Counsel is hereby awarded attorneys' fees pursuant to Rule 23(h), in the amount of **$1,632,118.21** which the Court finds to be fair and reasonable, considering the hours expended by Class Counsel and the complexity of the legal issues involved in this case, and **$92,881.79** in reimbursement of Class Counsel's and other counsel's reasonable expenses incurred in prosecuting the Action. Defendants shall pay such amount to Class Counsel pursuant to the timing requirements in accordance with the terms of the Settlement Agreement. Any incentives awarded in paragraph 9 will also be paid by Defendants to Class Counsel pursuant to the timing requirements in accordance with the terms of the Settlement Agreement.

9. The Court finds that the requested incentive awards are fair and reasonable in light of the time and effort that named plaintiffs devoted to this case, and hereby grants Class Counsel's motion for incentive awards totaling **$25,000** ($5,000 for each Named Plaintiff) in accordance with the terms of the Settlement Agreement.

10. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order, the Class Notice met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that it constituted the best practicable notice under the circumstances. The Court further finds that Defendants complied fully with the provisions of CAFA.

11. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and other applicable law.

12. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in the Settlement Agreement.

13. The Court hereby **DISMISSES with prejudice** the Action, the Fourth Amended Class Action Complaint and all Released Claims against each and all Releasees, as identified and defined in the Settlement Agreement, and without costs to any of the Parties as against the others.

14. It is further ordered that, as of the Effective Date of the Settlement, Named Plaintiffs, on behalf of themselves and their respective spouses, heirs, Successors, principals, agents, assigns, executors, and administrators, and on behalf of the Settlement Class, absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Named Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

15. The Court retains jurisdiction over the implementation, administration, and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

16. Upon entry of this Order, all Named Plaintiffs and Settlement Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Judgment.

17. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby **DIRECTED** to enter this Judgment forthwith.

**IT IS SO ORDERED.**

**DATED: January 15, 2021**

**STACI M. YANDLE**
**United States District Judge**